# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| KUDU CO., LTD., KUDU REALTY CO., LTD., MARK REINECKE, and MR ASSETS CORPORATION CO., LTD. | § § § § | |
| V. | § § | CASE NO. 4:10CV680 |
| MICHAEL FRANCIS LATIMER and HORIZON SIAM CO., L.T.D. | § § | Judge Schneider/Judge Mazzant |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Special Appearance of Respondent Michael Francis Latimer and, Subject Thereto, First Amended Motion to Dismiss Pursuant to FRCP 12(b)(2) (Dkt. #14). After considering the relevant pleadings, the Court finds that the motion should be granted.

On December 10, 2010, Petitioners Kudu Co., Ltd., Kudu Realty Co., Ltd., Mark Reinecke, and MR Assets Corporation, Ltd. filed a Motion to Confirm Foreign Arbitration Award (Dkt. #1). This action arises from an arbitration award in Thailand in July 2010 against Respondents. Respondents are Michael Francis Latimer and Horizon Siam Co., Ltd. After Respondents failed to pay the arbitration award, Petitioners filed this action, seeking to enforce the Thailand Arbitration Award in the United States.

On February 2, 2011, Respondent Michael Latimer[1] filed his Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) (Dkt. #14). On February 16, 2011, Petitioners filed a response (Dkt. #16). On February 24, 2011, Respondent filed a reply (Dkt. #18). On March 3, 2011, Petitioners filed a sur-reply (Dkt. #22). On March 24, 2011, Respondent filed a Notice of Intent to Use Affidavit Testimony Subject to His Special Appearance and First Amended Motion to Dismiss

---

[1] The Court will refer to Michael Latimer as Respondent.

Pursuant to FRCP 12(b)(2) (Dkt. #27).

On March 15, 2011, the Court granted Respondent's request for hearing (Dkt. #20, #23). On March 29, 2011, the Court conducted a hearing on the motion to dismiss. Petitioners offered and the Court admitted the exhibits attached to Petitioners' Response (Dkt. #16). The Court also admitted the affidavit of Michael Latimer (Dkt. #27). Respondent also offered the testimony of James D. Latimer.

At the conclusion of the hearing, the Court granted the Petitioners the opportunity to file an amended pleading[2] setting forth all allegations supporting their claim for personal jurisdiction over Respondent Michael Latimer. The amended pleading was filed on April 8, 2011 (Dkt. #31). The new pleading set forth more detail on Petitioners' jurisdiction allegations. Petitioners assert jurisdiction over Respondent based upon specific and general jurisdiction, that 2801 Winding Creek Road, Prosper, Texas 75078 (the "Prosper Address") is Respondent's residence, that Respondent is the alter ego of Perrin Estates, LLC, and *quasi in rem* and *in rem* jurisdiction

Petitioners also requested additional time to conduct discovery. The Court allowed the parties until May 27, 2011, to conduct discovery on the issue of the Court's jurisdiction over Respondent. On June 10, 2011, Petitioners filed their supplemental response (Dkt. #34). On June 20, 2011, Respondent filed a reply to the supplemental response (Dkt. #35).

**Michael Latimer's Version of the Facts Related to Service**

Respondent asserts that on or about December 20, 2010, a process server attempted to serve Respondent with process in this case at the Prosper Address. The process server, Darla Gray[3],

---

[2] When the complaint was filed, Petitioners only asserted jurisdiction over Respondent based upon the allegation that he was a permanent resident of the Eastern District of Texas.

[3] Respondent does not provide the name of the process server. However, Petitioners provide the name of the process server, which the Court will accept as true for purposes of this motion.

("Gray") was greeted by James David Latimer, whose primary address is the Prosper Address. James Latimer explained to the process server that Respondent did not live at the Prosper Address, the Prosper Address was not Respondent's residence or ususal place of abode, and further explained that Respondent did not reside in the United States and James Latimer had no authority to accept service on Respondent's behalf.  The process server then left the Prosper Address, without leaving a summons with anyone there.

On or about December 29, 2010, the same process server returned to the Prosper Address. James Latimer again explained that Respondent did not live in the United States, the Prosper Address was not Respondent's residence or ususal place of abode, and that James Latimer had no authority to accept process on Respondent's behalf.  The process server told James Latimer that this did not matter, and handed him a summons stating Respondent was required to answer in this case.

The Return of Service was completed on December 29, 2010, and filed with the Court. (Dkt. #6).  James Latimer asserts that he owns the property located at the Prosper Address, that he purchased the property in 2005, and that Respondent has not lived or resided on the propeerty.

**Petitioners' Version of the Facts Related to Service**

Petitioners allege that Respondent is a permanent resident of the Eastern District of Texas, Sherman Division, and that he resides at the Prosper Address.

On December 20, 2010, Gray first went to the Prosper Address.  Gray asked the person who answered the door whether Respondent was home.  James Latimer, the brother of Respondent, indicated that he was not currently there, and that he would not be back for a couple of months because he was out of the country.  However, James Latimer told Gray he could accept things on Respondent's behalf.  At no time did James Latimer tell Gray that Respondent did not live there or that he would not accept service.  Gray then left the residence to make sure that this was the best

place to serve Respondent. On December 29, 2010, Gray returned to the Prosper Address and served Respondent's brother, James Latimer, with a copy of Petitioners' Motion to Confirm Foreign Arbitration Award and the summons. James Latimer accepted the service.

On February 22, 2011, the undersigned recommended that the motion to dismiss based upon service be denied (Dkt. #17). The Court's decision was based upon Respondent's lack of evidence to contradict Petitioners' evidence. On March 16, 2011, the report and recommendation was adopted by Judge Schneider (Dkt. #24).

## STANDARD

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 12(b); *see also Albany Ins. Co. v. Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993). Respondent seeks dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2). FED. R. CIV. P. 12(b)(2). Under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), federal districts courts have original jurisdiction over actions to compel or confirm foreign arbitration awards. *See* 9 U.S.C. §§ 203, 207. However, while the Court has subject matter jurisdiction over these types of actions, the Convention does not confer personal jurisdiction when it would not otherwise exist. *See Base Metal Trading, Ltd. v. OJSC Novokuznetsky Aluminum Factory*, 283 F.3d 208, 212 (4th Cir. 2002). Therefore, Petitioners must still demonstrate that personal jurisdiction is proper under the Constitution. *Id.*

Petitioners bear the burden of establishing that the non-resident Respondent has contacts with the forum state sufficient to invoke the jurisdiction of this Court. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005). If there is no evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, the party asserting jurisdiction is merely required to present facts

sufficient to constitute a *prima facie* case of personal jurisdiction. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 342-43 (5th Cir. 2004).[4] The *prima facie* showing may be established by the pleadings, depositions, affidavits, or exhibits of record. *See Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). The Court must accept as true the plaintiff's uncontroverted allegations and resolve any factual conflicts in favor of the plaintiff. *Freudensprung*, 379 F.3d at 343. However, the Court is not required to credit conclusory allegations, even if uncontroverted. *Cent. Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

In determining whether it may exercise personal jurisdiction over a nonresident defendant, a court must consider "both the forum state's long-arm statute and federal due process." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993)). If a state's long-arm statute "extends to the limits of federal due process," as Texas does, the Court must only perform a due process analysis. *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). A court's exercise of personal jurisdiction over a non-resident defendant comports with constitutional due process requirements when (1) the defendant "purposefully availed" itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) the exercise of personal jurisdiction does not offend traditional notions of "fair play and substantial justice." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). Both prongs must be satisfied in order for a court to exercise personal jurisdiction over the

---

[4] "Pertaining to this burden, it is well established that where the district court rules on a motion to dismiss for lack of jurisdiction without conducting an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case of jurisdiction. (citation omitted). However, this Court has recognized that 'deposition testimony or evidence adduced at a hearing under Fed.R.Civ.P. 12 or at trial might mandate a different conclusion.'" *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 (5th Cir. 1996).

defendant. *Id*.

The "minimum contacts" prong is further subdivided into contacts that confer "specific jurisdiction" and those that confer "general jurisdiction." General jurisdiction exists when a non-resident defendant's contacts with the forum state are "substantial, continuous, and systematic." *Johnston*, 523 F.3d at 609 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984)). The defendant's contacts with the forum state are evaluated "over a reasonable number of years" up to the date the lawsuit was filed, and are to be reviewed in total rather than in isolation from one another. *Id*. at 610. When general jurisdiction exists, the forum state may exercise jurisdiction over the defendant on any matter, even if the matter is unrelated to the defendant's contacts with the forum. *Id*. at 613.

When a plaintiff asserts specific jurisdiction over a non-resident defendant, the Court must determine (1) whether "the defendant purposefully directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there," and (2) whether "the controversy arises out of or is related to the defendant's conduct with the forum state." *Freudenspreung*, 379 F.3d at 343. The fact that a Texas plaintiff suffered some harm in Texas is insufficient to establish specific jurisdiction. *Revell v. Lidov*, 317 F.3d 467, 473 n. 41 (5th Cir. 2002). Rather, the focus of the specific jurisdiction inquiry is on "the relationship between the defendant, the forum, and the litigation." *Freudenspreung*, 379 F.3d at 343. Contacts that are "random, fortuitous, or attenuated" do not satisfy the minimum contacts requirement. *Moncrief*, 481 F.3d at 312.

If the plaintiff makes a prima facie showing of minimum contacts, then the burden shifts to the defendant to show that the Court's exercise of jurisdiction would not comply with "fair play" and "substantial justice." *Freudenspreung*, 379 F.3d at 343. In making a fundamental fairness

6

determination, the Court must consider: (1) the burden on the defendant; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the several states' shared interest in furthering fundamental social policies. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).

## ANALYSIS

Respondent argues that the Court has neither general nor specific jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Petitioners, however, assert that the Court has jurisdiction over Respondent Michael Latimer based upon the following theories: specific and general jurisdiction; that the Prosper Address is Respondent's residence; that Respondent is the alter ego of Perrin Estates; and *quasi in rem* and *in rem* jurisdiction.

At the time of the hearing, Petitioners relied upon the following facts to support their theory that Respondent is subject to jurisdiction in Texas:

> (1) Texas Department of Motor Vehicles records indicate that Respondent owns a 2007 Dodge pickup that he registered on July 16, 2010. When he registered the vehicle (five months before suit was filed), he listed his address as 2801 Winding Creek, Prosper, Texas 75078. In fact, the records further indicate that Respondent purchased the pickup that same month from a Plano, Texas dealership. It is uncontested that Respondent purchased the vehicle while visiting Texas in March 2010 and listed the address at the Prosper address;
> (2) Perrin Estates, LLC, a Texas limited liability company with its principal place of business in Houston, filed a Certificate of Formation with the Texas Secretary of State on February 9, 2010 (less than one year ago) indicating that Respondent is a managing member. This Certificate of Formation certifies that Respondent's address is 2801 Winding Creek, Prosper, Texas 75078. Perrin Estates, LLC is still in existence and operating in the State of Texas, and nothing has been filed updating Respondent's address;
> (3) Perrin Estates, LLC filed a Certificate of Amendment on October 5, 2010 (only two months before this action was filed) indicating that co-managing member Wayne Knipe sold his interest in the Texas Limited Liability Company to Respondent; and
> (4) Horizon Siam USA, Inc., a Texas company with its principal place of business in Plano, Texas, filed a Certificate of Formation with the Texas Secretary of State on May 4, 2010 (approximately seven months before suit was filed) indicating that Respondent is a director of that company. This Certificate of Formation also certifies

    that Respondent's address is 2801 Winding Creek, Prosper, Texas 75078.  Horizon Siam USA, Inc. is still in existence and operating in the State of Texas.

  At the hearing, Respondent's brother, James Latimer, testified.  James Latimer stated that he owns the Prosper property, and has owned it since November 2005.  He stated that his brother has never lived there.  James Latimer is the manager of Perrin Estates, LLC.  His brother supplies all of the capital for the partnership, totaling $355,000, but is a passive investor.  His brother owns fifty-five percent of the stock.  James Latimer testified that he makes all decisions and runs the business.  James Latimer stated that his brother purchased the 2007 pickup, which he uses for the business.  He stated that his brother lives in Thailand and, prior to March 2010, his previous visit was eleven or twelve years prior to his March 2010 visit.  He is not aware of his brother owning any property in Texas nor conducting any business in Texas.  He is not aware that Horizon Siam USA, Inc. conducted any business or that it owns any property.  James Latimer believes that Respondent uses his address as the business address because James Latimer was running the business, so that all correspondence would come to his house.  During his March 2010 visit, Respondent stayed approximately three weeks.

  Respondent submitted his affidavit to the Court pursuant to Federal Rule of Evidence 807.  Respondent stated that his permanent residence and domicile is located in Thailand and that he moved there five years ago.  Prior to moving to Thailand, he lived in the United Kingdom.  He does not reside in Texas or in the United States.  He does not frequently travel to Texas, and does not conduct business in Texas.  He does not personally own any land in Texas.  He purchased the 2007 pickup for use by his brother James Latimer.  He is not involved in the day-to-day operations of Perrin Estates, LLC, and is not involved in the search for, or acquisition of, property owned by Perrin Estates, LLC.  Respondent stated that his brother runs all operations of Perrin Estates, LLC.  Horizon

Siam USA, Inc. is not an operational business, and has not transacted any business in Texas. Respondent concludes that any alleged claim or cause of action pleaded in this case does not arise out of, or relate to, any alleged contact he ever had with Texas or the United States.

**Supplemental Evidence**

Petitioners submitted the deposition of Respondent. Respondent is still a United States citizen. He traveled to Texas in February of 2010, and again around May 17, 2011. During his visit he stayed at the Prosper Address and did not conduct business during the visit. Respondent has had a Texas driver's license in the past. He maintains a personal bank account in Sherman, Texas, at American Bank of Texas, which was opened in February of 2010. Respondent testified that he transferred money to his account at American Bank and then issued a check to Perrin Estates, LLC. The current balance of the account is $964.02. All account statements are sent to the Prosper Address. All payments made by Perrin Estates, LLC to Respondent were transferred to the Texas bank account.

Respondent stated that he has been gifting $4,500 per month for the past two years to his brother, which is separate from his support of Perrin Estates, LLC. Respondent admitted that he owns the 2007 Dodge pickup, which was purchased at auction on March 25, 2010 for Perrin Estates, LLC. Personal funds of Respondent were used to pay for the vehicle and insurance.

Respondent owns seventy-five percent of Perrin Estates, LLC, and there is no membership agreement or any corporate documents. Respondent completely funds the operations of Perrin Estates, LLC. The other two board members are James Latimer and Respondent's son, Bryce Latimer, but they have never made any monetary contributions to the entity. Most of the $355,000 that was contributed by Respondent to Perrin Estates, LLC was in the form of capital contributions, and only $19,325 was contributed in the form a loan. Perrin Estates, LLC' tax returns indicate that

Respondent's current balance on his capital account is $283,843. There is a loan agreement for $175,000 of this amount; there is no other loan agreement for the remaining capital Respondent provided to Perrin Estates, LLC.

The first payment to Perrin Estates, LLC from Respondent was around February or March of 2010, for $175,000. Respondent then made several additional payments to Perrin Estates, LLC between July of 2010 and January of 2011. These periodic payments were made to acquire, repair, and remodel houses located in Texas. Respondent admitted that Perrin Estates is undercapitalized, under water, and has not been able to make any payments on the loans for a substantial period of time. The last loan repayment made by Perrin Estates, LLC was in September or October 2010. Perrin Estates, LLC currently does not generate any cash flow. Petitioners assert that Respondent makes the decisions on all funding of the purchase of properties and repairs[5]. Respondent visited some of the properties purchased by Perrin Estates, LLC, and he has access to the accounting records online. Respondent discussed the properties with his brother on a regular basis through Skype. Respondent also admits that his brother asked permission to purchase houses. Respondent's brother sends him Internet links to and photos of the properties considered for purchase and purchased by Perrin Estates, LLC. Perrin Estates, LLC currently owns ten houses in Texas, with the last one being purchased in February of 2011 using money contributed by Respondent. The Schedule K-1 prepared for Respondent for his involvement in Perrin Estates, LLC lists Respondent as a domestic partner, and the document states that Respondent is to receive seventy-five percent of the profits.

Respondent testified that Horizon Siam USA, Inc. was formed in anticipation of conducting

---

[5] Respondent objects to Petitioners' characterization of Respondent's testimony. It is clear that Respondent is the source of all funding for Perrin Estates, but that he is not involved in the day-to-day operations. Respondent does not pick the houses that are to be purchased. Respondent's brother developed the business plan for the business, and Respondent was not involved with its creation or implementation.

some additional business at some point in time that will likely be real estate investments. The address for this entity is the Proper Address.

*Minimum Contacts: Michael Latimer*

Petitioners assert that the Court has specific jurisdiction over Respondent as follows:

> ...based on attempts to collect sums from Respondent on a Thai arbitration award against him and in favor of Petitioners. Respondent's purposeful acts of purchasing a truck in this jurisdiction and fully funding a company in Texas are substantially related to Plaintiffs' attempts to pursue collections against him, which is the sole basis for this Motion. As such, the Court further has specific jurisdiction over Respondent.

The Court finds that this argument is misplaced. Petitioners seek to enforce an arbitration award, and Texas has no connection with the facts that arose in the arbitration in Thailand. No alleged claim or cause of action arose out of, or relates to, any alleged or actual contact that Respondent had with Texas. Petitioners offer no evidence to establish any such connection. Petitioners present no authority that allows this Court to exercise specific jurisdiction over Respondent for collection purposes.

Petitioners also assert that the Court has general personal jurisdiction over Respondent. Specifically, Petitioners assert that Respondent has continuous and systematic contacts with Texas. Petitioners point to evidence that Respondent's 2007 pickup truck was purchased, and is located, in Texas, and his involvement in the ownership and operation of two Texas entities. Although Respondent is listed as the managing member of Perrin Estates, LLC, the evidence demonstrates that his brother runs the entity. Respondent owns a majority interest and provides all of the capital for its operation. Petitioners also assert that Respondent lives in Texas at the Prosper Address, and is estopped from contesting that this is his address. Petitioners allege that the Court previously determined that the Prosper Address is the Respondent's dwelling or usual place of abode.

Respondent asserts that the presence of property in the state, without more, does not show

11

that Respondent has purposefully availed himself of the benefits and protections of Texas. Respondent argues that his limited contacts are not enough to establish general jurisdiction.

In the opinion of the Court, Respondent's contacts with Texas do not appear continuous and systematic in nature. First, there is no allegation that Respondent owns real property in Texas, there is no allegation that Respondent was ever employed in Texas, there is no evidence that Respondent frequently visits Texas (a few trips in twelve years is not sufficient), and there is no allegation that Respondent personally transacted any business in Texas. The fact that Respondent provides capital to a business that his brother operates is not sufficient. The additional fact that he owns a majority share in that same business operated by his brother is also not sufficient for general jurisdiction.

Although Respondent provides the capital for Perrin Estates, LLC, the evidence establishes that he is a passive investor and has no involvement in the day-to-day operations of the entity. Furthermore, Horizon Siam, Inc. is not an operational business, and has not transacted any business in Texas. Finally, the presence of one bank account in Texas is also insufficient. "[T]he presence of property in a state, without more, does not automatically signify that the defendant has purposefully availed itself of the benefits and protections of state law." *Blasingame v. Blasingame*, No. 4:09cv342, 2010 WL 3430678 *3 (E.D. Tex. July 20, 2010) (citation omitted).[6]

---

[6] *See also Shaffer v. Heitner*, 433 U.S. 186 (1977) (possession of property in the forum state does not alone necessarily constitute sufficient contact to justify the exercise of in personam jurisdiction); *Asshauer v. Glimcher Realty Trust*, 228 S.W.3d 922, 933 (Tex. App.-Dallas 2007, no pet.) (payment of franchise taxes and evidence of payment of property taxes not sufficient to subject company to jurisdiction); *Johns Hopkins University v. Nath*, 238 S.W.3d 492, 502 (Tex. App.-Houston [14th Dist.] 2007, pet. denied) (owning oil and gas interests is not necessarily enough of a contact to confer general jurisdiction); *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 788 (Tex. 2005) (financial benefits accruing to the defendant from a collateral relation to the forum State will not support jurisdiction if they do not stem from a constitutionally cognizable contact with that State); *GJP, Inc. v. Ghosh*, 251 S.W.3d 854, 869 (Tex. App.-Austin 2008, no pet.) (The bare fact that a defendant receives some benefit, advantage, or profit from Texas does not necessarily mean that it has purposefully availed itself of the state).

In this case, the passive investment of over $300,000 is, along with the other contacts of Respondent, insufficient to subject him to general jurisdiction in Texas. In *Helicopteros*, "the Supreme Court held that mere purchases, even if occurring at regular intervals, are not enough to warrant an assertion of jurisdiction over a nonresident in a cause of action not related to the purchases." *Construction Aggregates, Inc. v. Senior Commodity Co.*, 860 F. Supp. 1176, 1180 (E.D. Tex. 1994) (citing *Helicopteros*, 466 U.S. at 419). "And this court considers the purchases in *Helicopteros*-approximately four millions dollars worth of helicopters and related sales over an eight year period-more substantial than [plaintiff's] passive limited investment." *Id.*

Petitioners' allegation that Respondent actually resides at the Prosper Address does not confer general jurisdiction, because Petitioners have failed to offer sufficient evidence to establish that the Prosper Address is actually his residence. In fact, the evidence establishes that Respondent is a resident of Thailand. Although the Court denied Respondent's motion to dismiss with regard to insufficient service, the question of jurisdiction requires Petitioners prove personal jurisdiction over Respondent is proper.

Petitioners request that the Court find Respondent is estopped from asserting the Prosper Address is not his residence. Although Respondent did list the Prosper Address as his address for purposes of purchasing a pickup truck he let his brother use, this fact is not sufficient evidence to support estoppel. Thus, Respondent is not estopped from contesting that he actually lives outside of Texas. Petitioners rely upon *McNeil v. Tomlin*, 82 A.D.2d 825 (N.Y. App. 1981) and *Jaffe and Asher v. Van Brunt*, 158 F.R.D. 278 (S.D.N.Y. 1994) to support their theory of estoppel. Respondent correctly points out that these cases do not apply here because they are factually distinguishable. Both cases address the issue of estoppel from contesting the validity of service and do not address estoppel with regards to contesting jurisdiction. Listing a Texas address on a government record

does not estop a party who does not actually live there from contesting a Texas court's exercise of personal jurisdiction over him.

*Alter Ego Theory*

Petitioners assert that Perrin Estates, LLC is merely an alter ego of Respondent, and as such, should be considered in the jurisdictional analysis. Petitioners assert that disregarding the corporate entity is essentially a matter of equities in which the facts of each case determine whether personal liability should be imposed, *Castleberry v. Branscum*, 721 S.W.2d 270, 271 (Tex. 1986), *superseded on other grounds* by Tex. Bus. Act. Ann art. 2.21. Petitioners further cite this case to support their assertion that courts have disregarded the corporate fiction even though corporate formalities have been observed, corporate and individual property has been kept separate. Petitioners assert the corporate form should be disregarded when it is used as "part of a basically unfair device to achieve an inequitable result. *Id.*

Respondent asserts that the alter ego doctrine should not be applied in this case because there is no allegation of wrongdoing. Respondent argues that there are no allegations that Perrin Estates, LLC committed any wrongful acts. Additionally, there are no allegations that Respondent used Perrin Estates, LLC as a conduit to commit any wrongful act. The Court agrees. There is no evidence that Respondent is using Perrin Estates in an attempt to move assets and money to Texas to avoid collections on an arbitration award against him or to evade an existing legal obligation. Therefore, there is no basis for using the alter ego theory as a basis for jurisdiction over Respondent.

*Quasi in rem jurisdiction*

Petitioners assert that the Court has *in rem* and *quasi in rem* jurisdiction over Respondent. Petitioners filed this action to enforce the arbitration award against Respondent by instituting collection proceedings against Respondent on his Texas assets. Petitioners are seeking the assets

of Perrin Estates, LLC and/or Horizon Siam, Inc.

Petitioners assert that the Court has *quasi in rem* jurisdiction over this action. Petitioners allege that the case arises under the "New York Convention." 9 U.S.C. § 203. Petitioners also argue that this proceeding is for enforcement of an arbitration award and the Court has jurisdiction to allow Petitioners to recover any of Respondent's assets in Texas. Essentially, Petitioners assert that this is a collection suit.

Respondent asserts that the Court does not have *quasi in rem* jurisdiction over him. Respondent argues that Petitioners are still required to obtain jurisdiction over him, and the fact that he has property in Texas does not give the Court *in rem* jurisdiction over him. Respondent also argues that the due process requirement of "minimum contacts" also applies to *in rem* proceedings.

"*In rem* jurisdiction is an alternative to personal jurisdiction, wherein a court exercises power over disputed property existing within its territorial jurisdiction." *Lewis v. Time Warner Cable Inc.*, No. SA-07-CA-872, 2008 WL 559549 *2 (W.D. Tex. 2008) (citation omitted). A judgment *in rem* affects the interests of all persons in designated property. *Hanson v. Denckla*, 357 U.S. 235, 246 n. 12 (1958). The due process requirement of "minimum contacts" also applies to in rem proceedings. *See Shaffer v. Heitner*, 433 U.S. 186 (1977). "[R]egardless of whether the action is instituted *in personam*, *quasi in rem*, or otherwise, all exercises of jurisdiction must be measured by the terms of the due process clause of the United States Constitution." *Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 495 (5th Cir. 1989).

Respondent is correct that ownership of property in the state does not by itself constitute sufficient contacts in Texas for purposes of personal jurisdiction. Petitioners assert that this is simply a collections suit; however, Petitioners are required to obtain jurisdiction over Respondent, which they have failed to do. Petitioners have not attempted to attach property of Respondent.

Therefore, Petitioners have failed to establish that this Court has *in rem* or *quasi in rem* jurisdiction over Respondent.

## RECOMMENDATION

Based on the foregoing, the Court recommends that the Special Appearance of Respondent Michael Francis Latimer and, Subject Thereto, First Amended Motion to Dismiss Pursuant to FRCP 12(b)(2)(Dkt. #14) be GRANTED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 1st day of August, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE